## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

    Plaintiff,

v.                                                                                   CIV. NO. 05-0670 RB/WPL

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO. and RANDALL MOORE,

    Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION
### OF APPLICATION TO PROCEED IN FORMA PAUPERIS

Peter Wasko filed a *pro se* lawsuit against State Farm Mutual Automobile Insurance Co. and Randall Moore, a State Farm insured who was involved in a motor vehicle accident with Wasko. Wasko has filed a Financial Affidavit and Application to Proceed in Forma Pauperis (IFP) and has requested that the Court issue an Order that finds that he is indigent and allow him to proceed without payment of the filing fee and costs. I have considered Wasko's Financial Affidavit and Application and recommend that his request to proceed IFP be denied.[1]

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize a plaintiff to commence a civil case if the plaintiff submits an affidavit that shows a financial inability to pay the required fees. *Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). When considering a § 1915(a) motion, the court is to determine whether the statements in the affidavit satisfy the requirement of

---

[1] A magistrate judge does not have authority to enter an order denying IFP status. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The affidavit need not show that the litigant is "absolutely destitute" and should not be construed to force litigants to become public charges or abandon their claims because of inability to pay the required costs. *Id.* In civil cases for damages, courts should grant the privilege sparingly, but in denying IFP applications the court must not act arbitrarily and may not deny the application on erroneous grounds. *Id.* at 1306-07. The court must also provide sufficient explanation for its determination of IFP status to allow for meaningful review. *Id.*

In the Affidavit Wasko disclosed that he receives $1,806.05 per month from a pension and social security of $831 per month, for a total of $2,637.05 per month. He owns a home in Santa Fe with approximately $30,000 in equity, owns a ten-year-old car worth $1,500, and has a small amount of money in the bank. Wasko also listed his monthly debts, which total $2,441 per month.

According to the United States Department of Health and Human Services, the poverty level for 2005 for a single person with no dependents in the 48 Contiguous States and D.C. was $9,570 per year or $797.50 per month. *See* The 2005 HHS Poverty Guidelines, http://aspe.hhs.gov/poverty/05poverty.shtml. Thus, Wasko was above the poverty line and is not absolutely destitute. *Martinez*, 364 F.3d at 1308 n. 5. Because Wasko's monthly income exceeds his monthly debts and he has equity in his home and vehicle, I recommend that the Court deny IFP status to Wasko.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE