IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

      Plaintiff,

v.                                                       CIV 05-0670 LAM/WPL

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO. AND RANDALL D. MOORE,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE *(Doc. 18)* AND
DENYING AS MOOT ALL PENDING MOTIONS *(Docs. 21, 20 and 30)***

**THIS MATTER** is before the Court on ***Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 18)*** (hereinafter "Motion to Dismiss") and Defendants' ***Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 19)*** (hereinafter "Motion to Dismiss Memo") filed February 17, 2006.  On March 3, 2006, Plaintiff filed ***Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 22)*** (hereinafter "Response") and ***Memorandum in Support (Doc. 23)*** (hereinafter "Response Memo").  On March 10, 2006, Defendants' filed ***Defendants' Reply to Plaintiff's Response and Memorandum in Support of Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 25)*** (hereinafter "Reply").  In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case.  Having reviewed the submissions of the parties and the applicable law, the Court **FINDS** the motion is well-taken and will be **GRANTED a**nd the case **dismissed with prejudice,** for the reasons stated below.

On June 15, 2005, proceeding *pro se* and *in forma pauperis*, Plaintiff filed a ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** *(Doc. 1)* naming Randall D. Moore and State Farm Mutual Automobile Insurance Co. as defendants and alleging violations of due process and equal protection. Plaintiff states that "this instant Federal Case is not a request for a re-hearing of the state case nor to change its Decision. It is a 42 U.S.C. Sec. 1983 federal case of state court violations of events in its proceedings." *(Complaint, Doc. 1 at 2.)*

Defendants argue that this Court lacks subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), over Plaintiff's claims because neither Defendant is a state actor as required by 42 U.S.C. § 1983. *(Motion to Dismiss, Doc. 18 at 1.)* Defendants also argue that this Court lacks jurisdiction because the *Rooker-Feldman* doctrine applies to Plaintiff's claims. *Id.* The *Rooker-Feldman* doctrine states that federal courts, other than the United States Supreme Court, lack jurisdiction to entertain claims for review of state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

Defendants also argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim, because Plaintiff fails to state a constitutional claim under either 42 U.S.C. § 1983 or the Fourteenth Amendment as neither Defendant acted under color of state law to violate Plaintiff's constitutional rights. *(Motion to Dismiss, Doc. 18 at 2.)* Defendants allege Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which provides for dismissal of *in forma pauperis* filings that are "frivolous or malicious" or that "fail[] to state a claim on which relief may be granted." *Id.*

Defendant State Farm Mutual Automobile Insurance Co. also alleges the complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5) because the

Return of Service for State Farm indicates it was returned unexecuted. *(Motion to Dismiss, Doc. 18 at 2.)* The Court has already addressed this issue in the earlier ***Order Denying Defendants' Motion to Dismiss (Doc. 11)*** filed on February 10, 2006. *(Doc. 15 at 2, n. 2).* In that order, the Court noted that, although the return of service indicates it was returned unexecuted, "Defendant State Farm admit[ted] in its *Motion to Dismiss (Doc. 11)* that it was served on December 2, 2005, citing to Document 8, presumably of the Court's docket. *(Doc. 11 at ¶ 2).*" *Id.*

Finally, Defendants argue that "amendment of the Complaint would be futile, and dismissal with prejudice, is appropriate." *(Motion to Dismiss, Doc. 18 at 2.)* In response, Plaintiff argues that the Court does have subject matter jurisdiction because there is "no review of state-court judgments intended," and "[b]oth Defendants are state actors through their attorney." *(Response at 1.)*

## Background

As best the Court can determine, Plaintiff's complaint arose following dismissal of an automobile accident damage liability suit in the First Judicial District Court of New Mexico. *(Complaint, Doc. 1 at 2.)* On appeal, the New Mexico Court of Appeals affirmed the dismissal and the New Mexico Supreme Court denied a petition for a writ of certiorari.[1] (*Wasko v. Moore,* CIV 03-1026 BB/RLP, ***Court's Findings of Fact and Conclusions of Law***, *Doc. 19* at 2.) On September 5, 2003, Plaintiff filed a § 1983 complaint against Randall D. Moore, in the United States District Court for the District of New Mexico which was dismissed, **with prejudice**, for lack of

---

[1]The Tenth Circuit has held that a district court may "take judicial notice, whether requested or not, of its own records and files, and facts which are part of its public records." *St. Louis Baptist Temple Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citations omitted). "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *Id*. Because Plaintiff's allegations in this case are similar to allegations he has made in other cases in this district, it is appropriate for the Court to take judicial notice of these other cases.

jurisdiction "to engage in direct review and collateral attack of the final judgment of the First Judicial District Court for the State of New Mexico." *Id.*, *Doc. 19* at 2; *see id., Doc. 20*. The District Court also found that Plaintiff's claim was "a frivolous attempt to appeal his State claim to this Court," and imposed a Fed. R. Civ. P. Rule 11 sanction of $3295.50 for attorney's fee and costs.[2] *Id.*, *Doc. 19* at 3.

On May 6, 2005, Plaintiff again filed a § 1983 complaint against Randall D. Moore, in the United States District Court for the District of New Mexico that was dismissed for lack of jurisdiction on May 13, 2005. *Wasko v. Moore*, CIV 05-507 JP/ACT, *Doc. 4*. In that case, United States District Judge James A. Parker stated that "there is nothing alleged in the complaint that supports federal court jurisdiction," and "[i]f anything, the allegations suggest that this action is barred by *res judicata.*" *Id*. at 2. However, "in an effort to be exceedingly lenient to the *pro se* Plaintiff," Judge Parker dismissed the complaint **without prejudice** so that Plaintiff "may attempt to pursue a valid action by filing an intelligible complaint in a new case." *Id*.

On June 16, 2005, Plaintiff filed a new § 1983 complaint, again naming Randall D. Moore as a defendant and adding State Farm Mutual Automobile Insurance Co. as a defendant. *(Complaint, Doc. 1.)* Plaintiff alleges violations of due process and equal protection but mainly complains about

---

[2]Plaintiff appealed the District Court's dismissal and imposition of Fed. R. Civ. P. Rule 11 sanctions to the United States Tenth Circuit Court of Appeals, which affirmed the dismissal and remanded the case for further proceedings regarding the Rule 11 sanctions. *Wasko v. Moore*, 122 Fed. Appx. 403, 406-07 (10th Cir. 2005) (unpublished). On remand, the District Court, following the procedures prescribed by the Tenth Circuit, again imposed Rule 11 sanctions in the amount of $3295.50 (*Wasko v. Moore,* CIV 03-1026 BB/RLP, ***Order Granting Rule 11 Sanctions***, *Doc. 39*.), which the Tenth Circuit upheld following a second appeal. *Wasko v. Moore,* No. 05-2184 at 5 (10th Cir. Feb. 24, 2006) (unpublished). In this second appeal, the Tenth Circuit also denied Defendant Moore's motion for sanctions pursuant to Fed. R. App. P. 38 (for costs incurred to defend the appeal) but "nonetheless strongly admonish[ed] Mr. Wasko to refrain from further frivolous filings." *Wasko*, No. 05-2184 at 8.

the conduct of First Judicial District Court Judge Sanchez and defense attorney Chris Romero. *Id.* Plaintiff's only allegations regarding the Defendants are that the "Police Report shws [sic] an indeterminate blame for the accident since the two autos were moved at Moore's suggestion before the Police arrived," *(Complaint, Doc. 1 at 2)*, and "[i]t is unethical for State Farm Mutual Automobile Insurance Co. to engage in litigation on a $1600 case since 2001." *Id.* at "Page 1" of the continuation of Supporting Facts on page 3 (fourth page of *Doc.1*).

## Analysis

Section 1983 creates a cause of action against any person who, **under color of state law**[3], deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff has failed to show that either of the Defendants was acting under color of state law and, therefore, this Court lacks jurisdiction to hear this suit under 42 U.S.C. § 1983.

The *Rooker-Feldman* doctrine provides that United States District Courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). Although Plaintiff states that this case "is not a request for a re-hearing of the state case nor to change its Decision," *(Complaint, Doc. 1 at 2)* the Court finds that the present complaint, although fashioned as a civil rights complaint under § 1983, fails to state a federal claim

---

[3]"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250 (1988) (internal quotation and citations omitted).

and is a frivolous attempt to appeal his state claim to this Court and, therefore, should be dismissed under the *Rooker-Feldman* doctrine.

The Court also finds, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) which provides for dismissal of *in forma pauperis* filings that are "frivolous or malicious," that Plaintiff's complaint should be dismissed.

**WHEREFORE IT IS HEREBY ORDERED** that *Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 18)* is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)* is **DENIED with prejudice**; and

**IT IS FURTHER ORDERED** that **all pending motions**, including *Plaintiff's Request for Default Form and Motion for Default Judgment (Doc. 21)* filed February 10, 2006, *Defendants' Motion to Strike Plaintiff's Request for Default Form and Motion for Default Judgment (Doc. 20)* filed February 21, 2006, and *Plaintiff's Notice of Defendants' Violation of Length of Frivolous Reply [construed as a Motion to Strike Four Page Exhibit] (Doc. 30)* filed March 14, 2006 are each **DENIED as moot**.

**IT IS SO ORDERED.**

                                                   */s/ Lourdes A. Martínez*
                                             **LOURDES A. MARTÍNEZ**
                                             **UNITED STATES MAGISTRATE JUDGE**
                                             **Presiding by Consent**